UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,     ) | Civil No. 10cv2638 L(JMA) |
| )  Plaintiff,     ) | **ORDER DENYING MOTION TO DISMISS [doc. #5]** |
| v.     ) | |
| $3,063.00 IN U.S. CURRENCY,     ) | |
| Defendant.     ) | |

On January 5, 2011, Merrill Dennis Harvey, Jr., appearing *pro se*, filed a verified claim in this forfeiture action and a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Plaintiff United States opposes the motion. Harvey did not file a reply to plaintiff's opposition. The Court finds this motion suitable for determination on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1).

**1.     BACKGROUND[1]**

The government filed this action for forfeiture in rem on December 21, 2010. The currency at issue was seized on or about July 14, 2010, when claimant was stopped at the Interstate 8 Westbound Checkpoint located in Pine Valley, California. At the secondary inspection area, claimant consented to a canine sniff of the vehicle. The canine alerted on the center console of the vehicle. Harvey then gave consent to the agents to search the vehicle.

---

[1] The factual basis is taken from the verified complaint.

A white plastic bag containing approximately two grams of methamphetamine and 94 ziplock baggies were found in the center console; a digital scale was found in the lower center console; and a leather jacket in the trunk of the vehicle contained a plastic container with a small quantity of marijuana. Harvey, who had $3,063.00 in his possession along with two cell phones, was taken into custody by a San Diego County Sheriff's Department detective. The detective concluded that the methamphetamine was possessed for the purpose of sales and the currency represented the proceeds from the sales of controlled substances.

The government contends that the currency is traceable to violations of federal law arising out of violation of 21 U.S.C. § 881.  All moneys "furnished or intended to be furnished by any person in exchange for a controlled substance . . . all proceeds traceable to such an exchange, and all moneys . . . used or intended to be used to facilitate" a violation of the controlled substances laws are subject to forfeiture. 21 U.S.C. § 881(a)(6).

**2.     Legal Standard**

Federal Rule of Civil Procedure  12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). A complaint may be dismissed as a matter of law if it lacks a cognizable legal theory or states insufficient facts under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir.1984). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). A plaintiff must plead more than conclusory allegations to show "plausible liability" and avoid dismissal. *Id.* at 1966 n. 5. In considering a Rule 12(b)(6) motion, the Court accepts well-pleaded facts as true and draws reasonable inferences in favor of the non-moving party. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

Additionally, the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions govern *in rem* forfeiture actions.  The pleading requirements are set out in Rule G(2): the complaint must: "(a) be verified; (b) state the grounds for subject matter jurisdiction, in rem jurisdiction over the defendant property, and venue; (c) describe the property with reasonable particularity; (d) if the property is tangible, state its location when any seizure

occurred and – if different – its location when the action is filed; (e) identify the statute under which the forfeiture action is brought; and (f) state sufficiently detailed facts to support a reasonable belief that the government will meet its burden of proof at trial." FED.R.CIV.P. SUPP. R. G(2). At the pleading stage, the complaint therefore must contain sufficient detailed facts to support a reasonable belief that the government will be able to show that the currency is traceable to a violation of the controlled substances laws. 21 U.S.C. § 881(a)(6),

Both the Civil Asset Forfeiture Reform Act ("CAFRA"), at 18 U.S.C. § 983(a)(3)(D), and the Supplemental Rules for Certain Admiralty and Maritime Claims Rule G(8) provide that a complaint may not be dismissed due to a lack of evidence. CAFRA provides that: "No complaint may be dismissed on the ground that the Government did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property." 18 U.S.C. § 983(a)(3)(D). Rule G(8)(b)(ii) further provides that "the complaint may not be dismissed on the ground that the government did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property."

**3.   Discussion**

Claimant contend that there is "no conclusive proof" that he was involved in a drug trafficking crime because "[a]ll charges were dismissed against claimant, Harvey, in the state court." (MTD at 2.) As a result, claimant contends that the government lacks probable cause and the complaint should be dismissed.

In order to institute forfeiture proceedings, the Government, at trial or in a motion for summary judgment, must establish probable cause connecting the seized property with illegal drug transactions. *See* 19 U.S.C. § 1615 (2001). In *United States v. $493,850.00 in U.S. Currency*, 518 F.3d 1159 (9th Cir.2008), the Ninth Circuit held that the probable cause requirement for instituting a forfeiture action survives the requirements created under the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"). *Id.* at 1166; *United States v. $186,416.00*, 590 F.3d 942, 949 (9th Cir.2010).

But in filing its verified complaint, the government does not have to set forth all of its evidence, or even enough evidence to show that it will prevail. Rather, it is sufficient to show

that, following discovery, it is reasonable to believe the government will be able to meet its burden of proof. *United States v. Real Property Located at 5208 Los Franciscos Way*, 385 F.3d 1187, 1193 (9th Cir. 2004).

Having reviewed the verified complaint, the Court finds that the government has sufficiently alleged facts supporting a nexus between the defendant currency and drug trafficking activities. For example, the verified complaint alleges that a canine alerted to the exterior of the vehicle and to the interior of the vehicle where methamphetamine, packaging materials and a digital scale were found; claimant was in possession of $3,063.00 in United States currency in close proximity to the methamphetamine, packaging materials and a digital scale; claimant was in possession of two cell phones with numerous incoming calls asking him his location and if he had any "60's" for sale – an indication of communications between drug sellers and customers; and the opinion of a San Diego County Sheriff's Department Detective based on his training and experience. These factual allegations, which are taken as true, support a reasonable belief that the government will be able to prevail on the merits.

**4.     Conclusion**

Based on the foregoing, claimant Merrill Dennis Harvey, Jr.'s motion to dismiss is **DENIED**. Claimant shall file an answer within 21 days of the filing of this Order.

**IT IS SO ORDERED.**

DATED: June 2, 2011

M. James Lorenz
United States District Court Judge

COPY TO:

HON. JAN M. ADLER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL